IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE JACKSON, #R31861, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-00920-GPM |
| ) | |
| KRYSTAL ALLSUP, and ) | |
| LORI OAKLEY, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivation of his constitutional rights, and for violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, alleging that he was told that he could not get a prison job because of his mental disability.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A; a portion of this action is subject to summary dismissal.

## The Complaint

According to the complaint, on June 26, 2013, Plaintiff applied for a job as a janitor within the prison. Defendant Counselor Krystal Allsup told Plaintiff that he would not get a job and earn work credits because he was "mentally retarded." Plaintiff's Full Scale IQ is in the low-to-mid-70's (*see* Doc. 1, pp. 22-23). Plaintiff cites three other inmates with physical disabilities who are permitted to work.

On June 27, 2013, Plaintiff wrote a grievance regarding being denied a job, and he sent it to Defendant Grievance Supervisor Lori Oakley. Plaintiff has never received a response to his

grievance. Plaintiff asserts that Oakley could have used her supervisory authority to stop the discrimination against him.

Plaintiff contends that Counselor Allsup denied him the equal protection of the laws in violation of the Fourteenth Amendment, and violated the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. He further contends that Grievance Supervisor Oakley was deliberately indifferent in ignoring his grievance and permitting the alleged discrimination to continue. Plaintiff seeks compensatory and punitive damages.

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Defendant Counselor Krystal Allsup denied Plaintiff a job due to his mental disability, thereby violating the Equal Protection Clause of the Fourteenth Amendment, the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*., and the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq*.;** [1] **and**
>
> **Count 2: Defendant Grievance Supervisor Lori Oakley was deliberately indifferent to unconstitutional discrimination when she ignored Plaintiff's grievance and did not take steps to cure the discrimination.**

### Discussion

**Count 1**

As a preliminary matter, the Court notes that inmates do not have a constitutional right to employment in prison. *Garza v. Miller*, 688 F.2d 480, 485–86 (7th Cir. 1982), *cert. denied* 459 U.S. 1150 (1983). Nevertheless, a classification based upon disability can run afoul of the Equal

---

[1] In *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012), the Court of Appeals instructs that claims on account of disability, particularly claims by *pro se* litigants, should *sua sponte* be analyzed under both the Rehabilitation Act and the ADA.

Protection Clause of the Fourteenth Amendment if there is no rational relationship between the disparity in treatment and some legitimate governmental purpose. *Discovery House, Inc. v. Consolidated City of Indianapolis*, 319 F.3d 277 (7th Cir. 2003). Monetary damages against Allusp in her individual capacity would be available under 42 U.S.C. § 1983. The Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*., and the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq*., both prohibit discrimination against qualified individuals based on their physical or mental disability. The Rehabilitation Act permits suit against Allsup in her official capacity—in effect suing Illinois—for monetary damages, and the potential relief under the ADA is the same. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3f 667, 672 (7th Cir. 2012).

At this juncture, Count 1 shall proceed under the aforementioned parameters regarding individual and official capacity.

**Count 2**

Count 2 pertains to Plaintiff's allegations that Grievance Supervisor Oakley ignored Plaintiff's grievance and did nothing to stop the discrimination. The allegations regarding Oakley fail to state a colorable constitutional or statutory claim. Count 2 and Defendant Oakley shall be dismissed with prejudice for the following reasons.

Again, inmates do not have a constitutional right to employment in prison. *Garza*, 688 F.2d at 485–86. The Constitution also does not require prisons to have administrative systems for the redress of grievances. *See Owens v. Hinsley,* 635 F.3d 950, 953–54 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 772 n.3 (7th Cir. 2008). And, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation," *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005), so the doctrine of *respondeat*

*superior* does not apply to actions filed under 42 U.S.C. § 1983. S*ee,* e.g., *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Thus, the mere fact that Oakley is a supervisor does not render her liable for any discrimination suffered by Plaintiff, particularly since there is no allegation that Oakley had authority over the hiring decision.

The characterization of Oakley as being "deliberately indifferent" is suggestive of an Eighth Amendment claim, but the Eighth Amendment guards against the deprivation of the minimal civilized measure of life's necessities, such as health and safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). There is no constitutional right to a job, and discriminatory hiring practices do not implicate the minimal civilized measure of life's necessities. Therefore, there is no viable Eighth Amendment claim.

Because there are no allegations that Oakley was involved in the discriminatory decision or in the hiring process, she does not fall within the ambit of either the Rehabilitation Act or the ADA.

### Pending Motion

Plaintiff's motion for leave to proceed as a pauper (Doc. 4) will be decided by separate order.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 2** against Defendant **LORI OAKLEY** fails to state a claim upon which relief can be granted; thus **COUNT 2** is **DISMISSED** with prejudice; Defendant **LORI OAKLEY** is **DISMISSED** from this action, with prejudice.

**COUNT 1** against Defendant **KRYSTAL ALLSUP** shall proceed. The Clerk of Court shall prepare for Defendant **KRYSTAL ALLSUP**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).

The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant Allsup can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant Allsup is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: October 28, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge