IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:13-CV-00920-NJR-DGW |
| | ) |
| KRYSTAL ALLSUP, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On September 6, 2013, Plaintiff Maurice Jackson, currently an inmate at Pontiac Correctional Center ("Pontiac"), filed this lawsuit alleging that he was denied his job requests because he is mentally disabled. Following an initial screening of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed against Defendant Counselor Krystal Allsup on claims that she violated the Equal Protection Clause of the Fourteenth Amendment, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, and the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Doc. 5). Given Plaintiff's mental deficiencies, Magistrate Judge Wilkerson determined that counsel was necessary, and Attorney Steven J. Hughes of the firm Pitzer Snodgrass PC was recruited to represent Plaintiff (Docs. 30, 33).

Defendant Allsup filed a motion for summary judgment on April 23, 2015 (Doc. 40). Plaintiff filed his response in opposition to Defendant's motion for summary judgment on December 2, 2015 (Doc. 61). Defendant filed a reply on December 16, 2015

(Doc. 62). After the motion for summary judgment was fully briefed, Magistrate Judge Wilkerson issued a Report and Recommendation (Doc. 68). The Report and Recommendation was adopted, and Defendant Allsup was dismissed with prejudice on March 22, 2016 (Doc. 74). Plaintiff timely filed his notice of appeal on March 30, 2016 (Doc. 76).

On April 6, 2016, Plaintiff filed a motion for an extension of time to file his motion to proceed *in forma pauperis* ("IFP") (Doc. 81). On the same day, however, Plaintiff filed his IFP motion (Doc. 82). Plaintiff also filed a motion requesting assistance, which asked the Court to direct Pontiac's Trust Fund Officer to send Plaintiff a copy of his prison trust fund account for the past six months (Doc. 83). These motions are now before the Court (Docs. 81, 82, 83).

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

In this instance, the Court certifies that Jackson's appeal is not taken in good faith. The Court is unable to determine the basis for Jackson's appeal, because when directed to identify his issues on appeal, he states that "[he] really don't know, [he] sware (sic) [he] don't" (*See* Doc. 82, p.1). *See* FED. R. APP. P. 24(a)(1)(C); 28 U.S.C. § 1915. The Court is unable to grant Plaintiff IFP status if he is unable to demonstrate which issues he would

be appealing. *Id.* Plaintiff's motion for an extension of time is moot because he filed this motion simultaneously to filing his IFP motion. Further, Plaintiff's inability to express to the Court the issues he wishes to appeal makes his trust fund statement inconsequential to his motion to proceed IFP, making his motion requesting assistance also moot.

Accordingly, because the Court finds that his appeal is not taken in good faith, Plaintiff's request to proceed IFP on appeal (Doc. 82) is **DENIED**. Plaintiff's motion for an extension of time (Doc. 81) and motion requesting assistance (Doc. 83) are **DENIED as moot**. The Clerk of Court is **DIRECTED** to notify the Seventh Circuit Court of Appeals of this Order.

Plaintiff is instructed that, pursuant to Federal Rule of Appellate Procedure 24(a)(5), he has **thirty days** after he is served with this Order in which to file a motion with the Court of Appeals to proceed IFP on appeal. His motion must be accompanied by an affidavit and a copy of this Order. *See* FED. R. APP. P. 24(a)(5).

**IT IS SO ORDERED.**

DATED:   April 8, 2016

                                       s/ Nancy J. Rosenstengel_____
                                       **NANCY J. ROSENSTENGEL**
                                       **United States District Judge**